**NO GIVEN NAME DENY; No Given Name Irwanto, Petitioners**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 06–3416.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) on Jan. 8, 2008.

Filed: Jan. 9, 2008.

Stanley J. Ellenberg, Philadelphia, PA, for Petitioners.

Robert A. Zauzmer, Paul G. Shapiro, Office of United States Attorney, Philadelphia, PA, Jonathan Potter, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FISHER, HARDIMAN and ALDISERT, Circuit Judges.

OPINION

ALDISERT, Circuit Judge.

No Given Name Deny and No Given Name Irwanto petition this Court for review of the Board of Immigration Appeal's denial of their motion to reopen their removal proceedings. On January 11, 2006, the BIA adopted and affirmed the Immigration Judge's denial of their applications for asylum, withholding of removal and relief under the Convention Against Torture. Petitioners did not file a petition for review of the BIA's decision in this Court. On April 6, 2006, Petitioners filed a motion to reopen their immigration proceedings with the BIA, and the BIA denied the motion on June 15, 2006. We will deny the petition for review.

We review the BIA's denial of the motion to reopen for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). This Court disfavors motions to reopen immigration proceedings "because 'as a general matter, every delay works to the advantage of the [removable] alien who wishes merely to remain in the United States.'" *Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir. 2001) (quoting *Doherty*, 502 U.S. at 323,

112 S.Ct. 719). The Supreme Court has noted that the granting of "such motions too freely will permit endless delays of [removal] by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case" for relief. *INS v. Abudu,* 485 U.S. 94, 108, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Accordingly, the BIA's denial of a motion to reopen will be upheld unless it was arbitrary, irrational or contrary to law. *Guo v. Ashcroft,* 386 F.3d 556, 562 (3d Cir.2004).

In their motion to reopen, Petitioners state that various documents detailing the worsening situation for Chinese Christians in Indonesia were attached to it. The BIA, however, did not receive such documents and therefore did not abuse its discretion by not considering those documents. Petitioners also submitted this Court's decision in *Sukwanputra v. Gonzales,* 434 F.3d 627 (3d Cir.2006), as new evidence of a pattern of persecution in Indonesia. The BIA did not abuse its discretion in determining that *Sukwanputra* was not persuasive. In *Sukwanputra,* this Court specifically stated that it was "not hold[ing] that a pattern or practice of persecution in Indonesia in fact exists." *Id.* at 637 n. 10. Therefore the BIA did not abuse its discretion in declining to view *Sukwanputra* as new evidence warranting the reopening of Petitioners' immigration proceedings.

We conclude that the BIA properly denied Petitioners' motion to reopen because Petitioners have not met their heavy evidentiary burden. The BIA determined that the outcome of Petitioners' removal proceedings would be the same if the proceedings were reopened and the proffered new evidence presented. *See Matter of Coelho,* 20 I. & N. Dec. 464, 473 (BIA 1992) ("[T]he Board ordinarily will not consider a discretionary grant of a motion to

remand unless the moving party meets a 'heavy burden' and presents evidence of such a nature that the Board is satisfied that if proceedings before the immigration judge were reopened, with all the attendant delays, the new evidence offered would likely change the result in the case.").

We have considered all of the contentions raised by the parties and conclude that no further discussion is necessary.

Accordingly, we will deny the petition for review of the BIA's decision not to reopen Petitioners' immigration proceedings.